## United States District Court
## Central District of California

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | Docket No.    CR 10-00923-(B) SJO |
| **Defendant**    ELEBY, Kevin | Social Security No.  3  0  6  7 |
| akas:   Kevin Lamar Eleby; Vada Parte; James Lockett; Kevin Lamar Elerby; Olanyi Golver; "Bone"; "L" | (Last 4 digits) |

### JUDGMENT AND PROBATION/COMMITMENT ORDER

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| Nov. | 8, | 2013 |

**COUNSEL**    David Evans (Appointed)
(Name of Counsel)

**PLEA**    ☐ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   ☐ **NOLO CONTENDERE**   ☒ **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

18 U.S.C. § 1962(d):  Racketeer Influenced and Corrupt Organizations Conspiracy as charged in Count One of the of the Second Superseding Indictment.  21 U.S.C. §846, §851:  Conspiracy to Distribute Crack Cocaine as charged in Count Five of the Second Superseding Indictment.  18 U.S.C. § 924(c)(1)(A)(iii): Use and Carry A Firearm During and in Relation to a Crime of Violence as charged in Count Nine of the Second Superseding Indictment .  21 U.S.C. § 841(a)(1): Possession with Intent to Distribute Controlled Substance as charged in Count Eighteen of the Second Superseding Indictment .

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

It is ordered that the defendant shall pay to the United States a special assessment of $400, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Kevin Eleby, is hereby committed on Counts 1, 5, 9 and 18 of the Second Superseding Indictment to the custody of the Bureau of Prisons for a term of 300 months.  This term consists of 240 months on each of Counts 1, 5 and 18 of the Second Superseding Indictment, to be served concurrently, and 60 months on Count 9, to be served consecutively.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of five years.  This term consists of 10 years on each of Counts 1, 5 and 9 and 3 years on each of Count 18 of the Second Superseding Indictment, all such terms to run concurrently under the following terms and conditions:

| USA vs.  **ELEBY, Kevin** | Docket No.:  **CR 10-00923-(B) SJO** |
|---|---|

    1.    The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 05-02;

    2.    The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer;

    3.    During the period of community supervision the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment;

    4.    The defendant shall cooperate in the collection of a DNA sample from the defendant;

    5.    The defendant may not associate with anyone known to him to be a Pueblo Bishops gang member and others known to him to be participants in the Pueblo Bishops  gang's criminal activities, with the exception of his family members.  He may not wear, display, use or possess any gang insignias, emblems, badges, buttons, caps, hats, jackets, shoes, or any other clothing that defendant knows evidence affiliation with the Pueblo Bishops gang, and may not display any signs or gestures that defendant knows evidence affiliation with the Pueblo Bishops gang;

    6.    As directed by the Probation Officer, the defendant shall not be present in any area known to him to be a location where members of the Pueblo Bishops gang meet and/or assemble.

    7.    Defendant shall not reside in the Pueblo Del Rio Housing projects.  Defendant must remain 100 yard from the project unless he has express written permission from the probation officer.

    8.    The defendant shall submit to a search of his person, vehicle and residence anytime anytime of the day or night upon any law enforcement's reasonable suspicion that the defendant has committed any violation of local, state or federal law or ordinance.

The Court advises the Defendant of his right to appeal.

The Court recommends that the defendant shall be designated at Terminal Island or another facility that can care for defendant's needs.

In the interest of justice the Court grants the government's motion to dismiss count 11 of the Second Superseding Indictment and the underlying indictments as to this defendant only.

| USA vs. **ELEBY, Kevin** | Docket No.: **CR 10-00923-(B) SJO** |
|---|---|

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

*S. James Otero*

| November 8, 2013 | S. James Otero |
|---|---|
| Date | U. S. District Judge/Magistrate Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| November 8, 2013 | By | Victor Paul Cruz | *Victor Paul Cruz* |
|---|---|---|---|
| Filed Date | | Deputy Clerk | |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant shall not commit another Federal, state or local crime;
2. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
3. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5. the defendant shall support his or her dependents and meet other family responsibilities;
6. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
8. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
10. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
13. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
15. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
16. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐  The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

| USA vs. | **ELEBY, Kevin** | Docket No.: | **CR 10-00923-(B) SJO** |
|---|---|---|---|

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

1. Special assessments pursuant to 18 U.S.C. §3013;
2. Restitution, in this sequence:
    Private victims (individual and corporate),
    Providers of compensation to private victims,
    The United States as victim;
3. Fine;
4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
5. Other penalties and costs.

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

| USA vs. | **ELEBY, Kevin** | Docket No.: | **CR 10-00923-(B) SJO** |
|---|---|---|---|

### RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
 at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____  _____
Date              Deputy Marshal

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____  _____
Filed Date        Deputy Clerk

---

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
         Defendant                      Date


_____              _____
U. S. Probation Officer/Designated Witness   Date

---