TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
MACK E. JENKINS (Cal. Bar No. 242101)
Chief, Public Corruption & Civil Rights Section
JULIA S. CHOE (Cal. Bar. 280378)
Deputy Chief, General Crimes Section
Assistant United States Attorneys
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2091/6530
     Facsimile: (213) 894-6436
     E-mail:   mack.jenkins@usdoj.gov
     E-mail:   julia.choe@usdoj.gov

Attorneys for Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>             v.<br><br>GARY WHITE, et al.,<br>   [KEVIN ELEBY],<br><br>        Defendants. | No. CR 10-923(B)-2-MCS<br><br>GOVERNMENT'S POSITION REGARDING RESENTENCING OF DEFENDANT KEVIN ELEBY; EXHIBITS A-B |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Mack E. Jenkins and Julia S. Choe hereby files its Government's Position Regarding Resentencing of Defendant Kevin Eleby.

//

//

This brief is based upon the attached memorandum of points and authorities, the attached exhibits, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: March 28, 2022          Respectfully submitted,

                               TRACY L. WILKISON
                               United States Attorney

                               SCOTT M. GARRINGER
                               Assistant United States Attorney
                               Chief, Criminal Division

                               _____
                               MACK E. JENKINS
                               JULIA S. CHOE
                               Assistant United States Attorneys

                               Attorneys for Plaintiff
                               UNITED STATES OF AMERICA

**Table of Contents**

I.    INTRODUCTION....................................................1

II.   DEFENDANT'S ORIGINAL SENTENCING.................................2

III. GOVERNMENT'S GUIDELINES CALCULATIONS............................4

IV.   MITIGATION......................................................5

V.    CONCLUSION......................................................7

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.  INTRODUCTION**

On November 8, 2013, defendant KEVIN ELEBY, also known as "L," and the number two defendant in a 45-defendant racketeering indictment, was sentenced to 300 months (25 years) in prison due to his four convictions in a Racketeering Influenced Corrupt Organization ("RICO") trial involving his violent and drug trafficking conduct as part of the notorious Pueblo Bishop Bloods street gang.  (Docket #2284.)  Those counts included (i) racketeering conspiracy, in violation of 18 U.S.C. § 1962(d), and as charged in Count One; (ii) drug trafficking conspiracy, in violation of 21 U.S.C. § 846, and as charged in Count Five; (iii) vicarious possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), and as charged in Count Nine; and possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and as charged in Count Eighteen.[1]  On November 8, 2016, the Ninth Circuit affirmed defendant's convictions and sentence.  United States v. Eleby, 670 F. App'x 600 (9th Cir. 2016).

On May 3, 2021, and in light of defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, the parties filed a stipulation agreeing that under United States v. Davis, 139 S. Ct. 2319 (2019), defendant's conviction on Count Nine for 18 U.S.C. § 924(c)(1)(A) could no longer be supported under the law.  (CR 3656.)  Defendant's 924(c) conviction was based on conduct

---

[1] The jury hung on a second 18 U.S.C. § 924(c)(1)(a) count, and the government subsequently dismissed it after the court imposed its 25-year sentence.  (PSR ¶¶ 2, 7.)

1

amounting to attempted murder as the result of a group gang shooting into a house occupied by a minor child and his mother.  (PSR ¶¶ 75-78.)  Nevertheless, because the charged predicate for his 924(c) conviction was that brazen attack but alleged as part of the RICO conspiracy charged in Count One, the parties agreed that, post-<u>Davis</u>, RICO conspiracy no longer satisfied the definition of "crime of violence" under 18 U.S.C. § 924(c)(1)(A).  (<u>Id.</u> at ¶ 16.)[2]  That count carried a mandatory consecutive five-year sentence.  The Court granted the parties' request and set this matter for resentencing on the remaining counts.  (CR 3657.)

## II.  DEFENDANT'S ORIGINAL SENTENCING

At defendant's original sentencing, the government urged the Court to impose a 30-year sentence, which was above the 25-year mandatory minimum and within the advisory range as found by the district court.[3]  (CR 2071.)  During the sentencing, the Honorable S. James Otero emphasized defendant's aggravating conduct -- including his leadership role and role in the September 11, 2009 machine gun attack -- noting that:

- Mr. Eleby is a member of the Pueblo Bishops gang. Mr. Eleby is OG, Older Gang member, longstanding gang member of that gang.  (R/T 11/8/13 at 4.)

- [I]t was established at trial that the Pueblo Bishop gang engaged in several violent acts including the acts of armed robbery, drug trafficking, trafficking --

---

[2] At the time of the indictment, the charge carried a mandatory <u>ten</u>-year minimum sentence but because the "discharge" of the firearm was not specifically a finding presented to the jury, the government ultimately agreed that only the five-year minimum applied.  (<u>See</u> Docket ## 2138 at 3-5; 2264 at 3-4.)

[3] Exhibit A: Reporter's Transcript ("R/T") 11/8/13 at 16-17 (finding the Guideline range to be "262-327 months based on Total Offense Level 37 and Criminal History Category III" before the 60-month consecutive sentence was applied); Exhibit B: Government's Original Sentencing Position for Defendant Kevin Eleby.

1          purchasing of drugs including crack cocaine, cocaine, other drugs including heroin. (R/T 11/8/13 at 4.)

- [I]t was established also that Mr. Eleby, along with other active OG members, convened and presided over meetings in order to discuss gang business, and they also encouraged others to protect the gang's territory against rival gangs and instructed gang members to commit drug trafficking offenses, firearm-related offenses and also retaliation. (R/T 11/8/13 at 4-5.)

- [T]he trial and the evidence offered at trial established that Mr. Eleby, along with other members, encouraged younger gang members to shoot at victims identified as E.G. and his mother, identified as P.G., and it was established that one of the firearms used in that occasion was . . . a machine gun, a Tommy gun. (R/T 11/8/13 at 5.)

- [T]here was no question that Mr. Eleby is a leader/organizer of the gang[.] (R/T 11/8/13 at 6.)

Notably, in defendant's brief allocution and in stark contrast to many of the other convicted defendants, defendant refused to take any responsibility or express any contrition for his crimes. Instead, despite the overwhelming evidence at trial and as outlined by Judge Otero at sentencing, defendant claimed that he had "never been no leader of no gang," had "nothing to do with none of this investigation" and "never been a supplier of any drugs." (R/T 11/8/13 at 16.) Defendant offered no apologies to any of the direct or indirect victims of his crimes or to any of the younger and impressionable gang members he pressed into service of the gang's corrupt and violent purposes.

In imposing defendant's sentence, the Court weighed the various mitigating and aggravating factors, including defendant's age and conduct in comparison to other gang members. (RT 11/8/13 at 14). In finding that a 25-year sentence was appropriate (albeit not a 30-year sentence), the Court emphasized defendant's encouragement of others to use violence. (Id. at 15.) Notably, the Court expressed no

3

discomfort in the 25-year mandatory minimum sentence. That same Court oversaw defendant's trial and multiple RICO trials in this matter and sentenced approximately 44 other defendants in this matter. Ultimately, the Court imposed a sentence not simply because it was mandatory but because it found that that was a substantively reasonable and just sentence based on defendant's conduct, culpability, and the harm he had directly and indirectly caused to a vulnerable population for a sustained time period. The removal of Count Nine does not alter that analysis and thus that alone should not impact Judge Otero's well-supported sentence.

**III. GOVERNMENT'S GUIDELINES CALCULATIONS**

The government's calculations from its original filing remain unchanged, save the removal of the mandatory five-year consecutive term formerly pursuant to Count Nine.

| Guidelines Calculation [*Counts One, Five, Nine, Eighteen*] | Offense Level |
|---|---|
| Base Offense Level: Distribution of at least 280 grams of cocaine base/crack cocaine or 5 kilograms of powder cocaine [21 U.S.C. § 2E (2006), <u>id.</u> § 2D] | 32 |
| Use of Violence/Threats of Violence [§ 2D1.2(b)(2)] | +2 |
| Supervisor/Manager of Conspiracy of 5 or More [§ 3B1.1(b)] | +3 |
| Count Nine [18 U.S.C. § 924(c)(1)(A)] | [*vacated*] |
| **Total Offense Level** | **<u>37</u>** |

4

Defendant's attempt to re-litigate his Guidelines calculations notwithstanding his unsuccessful appeal are legally flawed and factually incorrect. (Kevin Eleby's Position Regarding Resentencing (Docket #3688) ("Defendant's Position") at 19-24.) Judge Otero thoughtfully and correctly analyzed each calculation and enhancement, and he was significantly aided in that endeavor by presiding over three separate trials in this matter, including defendant's. (R/T 11/8/13.)

In any event, as set forth in its original filing, the government's recommendation is, in part, based on the above guidelines but, more importantly, is compelled through reference to the evidence at trial. Analysis of the 3553 factors demonstrates that defendant's conduct warrants a substantial sentence, namely because the seriousness of defendant's offenses included egregious acts of violence, threats of violence, and an established leadership role. While, as discussed immediately below, the government has identified mitigating factors as a basis for a significant reduction from its original recommendation, a substantial sentence nevertheless remains required here because of the continued need for general (and, to a lesser degree, specific) deterrence. This is particularly necessary as to long-term gang members who are not content to simply personally exert a passion for their gang but also, more perniciously, urge younger, more impressionable citizens of low-income communities into this same deadly life path.

**IV. MITIGATION**

Defendant is not without new and meaningful mitigating factors. Although left to the tail end of defendant's resentencing memo, he appears to have finally made significant strides in distancing

himself from the gang life.  Moreover, post-sentencing, he has charted a path utilizing numerous pro-social activities that ideally will continue to guide his new positive life trajectory once released from prison.  (Defendant's Position at 25-30.)  Further, defendant has belatedly expressed remorse for his actions and negative life choices after evaluating the impact it has had on his own family.  (Defendant's Position, Exhibit B).  That said, defendant's remorse seems primarily focused on the consequences his actions have had on himself and his family.  While admirable and seemingly sincere, the problem is that it still lacks any accountability for his role in creating for others some of the same socio-economic ills he now fairly points to as negative contributing factors that led him to over a decade in federal prison.  As Judge Otero properly found, defendant was one of those gang members that others looked up to and from whom they sought guidance, like defendant himself had once done.  The Court and jury found that defendant's guidance to those younger gang members included, at least on certain occasions, directing potentially deadly attacks.  This violence caused untold harm to the victims and caused the lives of those younger members to be derailed by federal prison.  At resentencing, defendant should express more accountability, instead of offering more denials, for the impact of his role in continuing the gang cycle and express more remorse to the victims of the gang violence he facilitated.

Although not addressed in defendant's position, the government believes the second most relevant factor in mitigation is the resentencing of co-defendant Jason Davis.  (Docket #3639).  On September 28, 2020, co-defendant Davis faced resentencing after he similarly had a 924(c) trial conviction vacated post-Davis because

6

the predicate RICO conspiracy was no longer a "crime of violence." Davis had similarly been sentenced to 25 years' custody by Judge Otero. At resentencing, the Honorable Dale S. Fischer sentenced co-defendant Davis to a term of 240 months (20 years) in prison based on the 3553(a) factors. (Docket #3639.) Given the similarity in the procedural posture and charged conduct between defendant Eleby and co-defendant Davis, the government believes this is one of the most compelling factors to consider at defendant Eleby's resentencing.

Based on these two factors ((a) established pattern of positive post-sentence rehabilitation to include a release plan and (b) need to prevent unwarranted sentencing disparity with co-defendant Davis) the government reduces its original sentencing recommendation of 360 months' prison to **240 months' prison**, which is 60 months below Judge Otero's previously imposed sentence.

V. CONCLUSION

For the foregoing reasons, the government respectfully requests the Court impose the following sentence for defendant KEVIN ELEBY:

- 20 years' (240 months') imprisonment;

- 10 years' supervised release;
    - special condition: residency restriction;
    - special condition: search condition;

- $300 special assessment[4]; and

- All fines waived.

---

[4] This amount would be a reduction from the previously imposed sentence due the Count Nine vacatur.

7